# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REGINA JACKSON, | ) |
| Plaintiff | ) Case No.: ) |
| v. | ) **COMPLAINT AND DEMAND FOR JURY** ) **TRIAL** |
| SECURITY CREDIT SYSTEMS, INC., | ) ) **(Unlawful Debt Collection Practices)** |
| Defendant | ) ) |

## COMPLAINT

REGINA JACKSON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., allege the following against SECURITY CREDIT SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Delaware, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Wilmington, Delaware 19805.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a national debt collection company with its principal place of business located at 622 Main Street, Suite 304, Buffalo, New York 14202.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a debt from Plaintiff.

10. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Plaintiff has a cellular telephone number that she has had for at least one year.

13. Plaintiff has only used this phone as a cellular telephone.

14. At all relevant times, Defendant was attempting to collect an alleged credit card debt that was incurred primarily for personal, family or household purposes.

15. Beginning in the summer of 2015 and continuing through 2016, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone, often calling multiple times daily, in its attempt to collect the alleged debt.

16. Plaintiff received automated calls that began with a pre-recorded voice stating: "Please hold" before calls were transferred to collectors.

17. Defendant placed calls from the following phone number: (716) 882-4515. The undersigned has confirmed that this phone number belongs to the Defendant.

18. On numerous occasions from 2015 and continuing through 2016, Plaintiff spoke to Defendant and told Defendant to stop calling her.

19. Once Defendant was aware that its calls were unwanted and to stop, its continued calls could have served no purpose other than harassment.

20. Despite Plaintiff's repeated requests to stop calling, Defendant continued to call her cellular telephone number multiple times per day.

21. During these calls Defendant threatened to take legal action against Plaintiff and garnish her wages.

22. Upon information and belief, Defendant did not take such actions, and had no intention of taking such actions.

23. These repeated calls were frustrating and annoying, and Plaintiff was ultimately required to download an application on her cellular device to block Defendant's calls.

24. Finally, Defendant failed to send written notification to Plaintiff advising her of her rights pursuant to the FDCPA.

## COUNT I
### DEFENDANT VIOLATED § 1692d and § 1692d(5) OF THE FDCPA

25. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

26. A debt collector violates § 1692d of the FDCPA by engaging in any conduct the natural consequence of which it to harass, oppress, or abuse any person in connection with the collection of a debt.

27. Defendant violated sections 1692d and 1692d(5) in the proceeding paragraphs when it multiple times beginning in 2015 and continuing through 2016, even after repeatedly being told to stop calling Plaintiff.

## COUNT II
### DEFENDANT VIOLATED §§1692e, 1692e(5) and 1692e(10) OF THE FDCPA

28. A debt collector violates this section of the FDCPA by using false, deceptive or misleading representation or means in connection with the collection of the alleged debt.

29. A debt collector violates 1692e(5) by threatening to take action that cannot be taken or is not intended to be taken.

30. A debt collector violated 1692e(10) of the FDCPA by using false representation or deceptive means to collect or attempt to collect the alleged debt, or to obtain information concerning the Plaintiff.

31. Defendant violated sections 1692e, 1692e(5) and 1692e(10) when it made false threats to pursue legal action and garnish Plaintiff's wages when it did not intend to take such actions.

## COUNT III
### DEFENDANT VIOLATED §1692g OF THE FDCPA

32. A debt collector, within five (5) days after the initial communication with the consumer violates the FDCPA by failing to send the consumer a written notice containing all of

the following: the amount of the debt, the name of the creditor to whom the debt is owed, a statement that unless the PNC disputes the debt within thirty days after receiving this written notice, the debt will be presumed to be valid by the debt collector, a statement that if the consumer does notify the debt collector s/he disputes the debt, the debt collector will obtain and mail out verification of the debt, or a copy of any existing judgment, a statement that, upon the consumer's written request, the debt collector will provide the name and address of the original creditor.

33.     In violation of § 1692 (g), Defendant failed to send Plaintiff a written notice containing the aforementioned information regarding the debt within five days after the initial contact was made by phone sometime in 2015. Plaintiff did not receive any letters from Defendant that provided information regarding the debt and his right to dispute the alleged credit card debt.

## COUNT VII
## **DEFENDANT VIOLATED THE TCPA**

34.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

35.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

36.     Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

37.     Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

38. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

39. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

40. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

41. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

42. Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

43. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

44. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

45. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, REGINA JACKSON, therefore respectfully prays for judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

h. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, REGINA JACKSON, demands a jury trial in this case.

                                                      RESPECTFULLY SUBMITTED,

                                                      KIMMEL & SILVERMAN, P.C.

DATED: September 8, 2016        By:*/s/ W. Christopher Componovo*
                                                  W. Christopher Componovo
                                                  Attorney ID #3234
                                                  Kimmel & Silverman, P.C.
                                                  Silverside Carr Executive Center
                                                  Suite 118, 501 Silverside Road
                                                  Wilmington, DE 19809
                                                  Phone: (302) 791-9373
                                                  Facsimile: (302) 791-9476